Case 14-25711    Doc 23    Filed 09/12/14    Entered 09/14/14 23:29:51    Desc Imaged
                         Certificate of Notice    Page 1 of 7

Model Plan                                                                                                        Trustee: ☐ Marshall    ☐ Meyer
11/22/2013                                                                                                        ☐ Stearns    ☒ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | Case No. 14-25711 |
|---|---|---|
|  | ) |  |
| **Howard Jay Meter** | ) |  |
| **Jennifer Lynn Meter** | ) |  |
|  | ) |  |
| **Debtors.** | ) | Amended Chapter 13 Plan, September 11, 2014 |

☒ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household
*Budget*  is __4__; (b) their ages are __50, 47, 15, 17__; (c) total household monthly income is $ __8,664.67__; and (d)
*items*   total monthly household expenses are $ __6,625.00__, leaving $ __2,039.67__ available monthly for plan
            payments.

                2. The debtor's Schedule J includes $ __N/A__ for charitable contributions; the debtor represents that
                the debtor made substantially similar contributions for __N/A__ months prior to filing this case.

**Section B.**  1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this
*General*   plan; all other unexpired leases and executory contracts are rejected. Both assumption and
*items*    rejection are effective as of the date of plan confirmation.

                2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in
                Paragraph 2 of Section E of this plan, shall be treated as follows:

                (a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E,
                while timely making all required postpetition payments, the mortgage will be reinstated
                according to its original terms, extinguishing any right of the mortgagee to recover any amount
                alleged to have arisen prior to the filing of the petition.

                (b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after
                the filing of this bankruptcy case and before the final payment of the cure amount specified in
                Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on
                motion of the holder.

                3. The holder of any claim secured by a lien on property of the estate, other than a mortgage
                treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a)
                payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11
                U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

                4. The debtor shall retain records, including all receipts, of all charitable donations listed in
                Schedule J.

| | |
|---|---|
| **Section C.** *Direct payment of claims by debtor* | ☒ The debtor will make no direct payments to creditors holding prepetition claims. */or/*<br>☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:<br>       Creditor:  __-NONE-_____ , monthly payment, $ _____ |
| **Section D.** *Payments by debtor to the trustee; plan term and completion* | 1. *Initial plan term*. The debtor will pay to the trustee $ __825.00__ monthly for __60__ months [and **$ monthly for an additional    months**], for total payments, during the initial plan term, of $ __49,500.00__. [Enter this amount on Line 1 of Section H.]<br><br>2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.<br><br>3. *Plan completion.* ☒ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/*<br>☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2. |
| **Section E.** *Disbursements by the trustee* | The trustee shall disburse payments received from the debtor under this plan as follows:<br><br>1. *Trustee's fees*. Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __2,475.00__. [Enter this amount on Line 2a of Section H.]<br><br>2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.<br><br>**-NONE-**<br><br>The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]<br><br>3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):  **(Except as stated in Section G. below.)**<br><br>**-NONE-** |

**2**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __1,940.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __666.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__% of the allowed amount. The total of all payments to this special class is estimated to be $__N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☒ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than __N/A__% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ☒ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__% [Complete Line 4d of Section H to reflect interest payable.]

| | | |
|---|---|---|
| **Section F.** *Priority* | The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. | |
| **Section G.** *Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. | |

**Section H.** *Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)    $ **49,500.00**

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
 (a) Trustee's fees    $ **2,475.00**
 (b) Current mortgage payments    $ **0.00**
 (c) Payments of other allowed secured claims    $ **0.00**
 (d) Priority payments to debtor's attorney    $ **1,940.00**
 (e) Payments of mortgage arrears    $ **0.00**
 (f) Payments of non-attorney priority claims    $ **666.00**
 (g) Payments of specially classified unsecured claims    $ **0.00**
 (h) Total *[add Lines 2a through 2g]*    $ **5,081.00**

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*    $ **44,419.00**

(4) Estimated payments required after initial plan term:
 (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)    $ **44,367.25**
 (b) Minimum GUC payment percentage    **100** %
 (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*    $ **44,367.25**
 (d) Estimated interest payments on unsecured claims    $ **0.00**
 (e) Total of GUC and interest payments *[add Lines 4c and 4d]*    $ **44,367.25**
 (f) Payments available during initial term *[enter Line 3]*    $ **44,419.00**
 (g) Additional payments required *[subtract Line 4f from Line 4e]*    $ **-51.75**

(5) Additional payments available:
 (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee    $ **N/A**
 (b) Months in maximum plan term after initial term    **N/A**
 (c) Payments available *[multiply line 5a by line 5b]*    $ **N/A**

**4**

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*       directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*       Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
                joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____


**Debtor's Attorney**    /s/ Nathan Volheim                              **Date**  September 11, 2014

*Attorney Information*    Nathan Volheim
*(name, address,*         Sulaiman Law Group, Ltd.
*telephone, etc.)*        900 Jorie Boulevard
                          Suite 150
                          Oak Brook, IL 60523
                          630-575-8181
                          Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

**Special Intentions:**

1. Debtors are shall make direct payments to Carmax Auto Finance for the 2008 Hummer H3 with 99,000 Miles.  Carmax Auto Finance is authorized to send monthly statements directly to the Debtors.

2. Debtors are surrendering the real property located at 9148 Boardwak Terrace, Orland Hills, Illinois to PNC Mortgage and First Tennessee Bank in full satisfaction of their secured claims.

```
                         United States Bankruptcy Court
                         Northern District of Illinois
In re:                                                             Case No. 14-25711-CAD
Howard Jay Meter                                                   Chapter 13
Jennifer Lynn Meter
           Debtors                  CERTIFICATE OF NOTICE
District/off: 0752-1           User: cgreen                 Page 1 of 2                  Date Rcvd: Sep 12, 2014
                               Form ID: pdf003              Total Noticed: 47


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 14, 2014.
db/jdb         +Howard Jay Meter,    Jennifer Lynn Meter,    9148 Boardwalk Terrace,
                 Orland Hills, IL 60487-5614
22154849       +Alpha Recovery Corp,    5660 Greenwood Plaza Boulevard,    Suite 101,
                 Greenwood Village, CO 80111-2417
22154850       +Blatt, Hasenmiller, Leibsker and Moore,,    125 S. Wacker Drive, Suite400,
                 Chicago, IL 60606-4440
22154856      ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
               (address filed with court: Citicorp Credit Services *,
                 ATTN: Internal Recovery; Centralized Bk,    P.O. Box 20507,    Kansas City, MO 64195)
22154851       +Capital One N.A.,    1 S. Orange Street,    Wilmington, DE 19801-5006
22154853       +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
22357622       +CarMax Business Services LLC,    225 Chastain Meadows Court,    Kennesaw, GA 30144-5897
22154854       +Carmax,   PO Box 3174,    Milwaukee, WI 53201-3174
22154855       +Carmax Auto Finance,    12800 Tuckahoe Creek Parkway,    Richmond, VA 23238-1124
22154857       +Collection Professional /LaSalle,    Po Box 416,    La Salle, IL 61301-0416
22154858       +Collection Professionals,    723 First Street,    La Salle, IL 61301-2535
22154862        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
22154863       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
22154866       +First Tennessee Bank,    PO Box 15003,    Knoxville, TN 37901-5003
22154865       +First Tennessee Bank,    PO Box 2351,    Memphis, TN 38101-2351
22154864       +First Tennessee Bank,    165 Madison Avenue,    Memphis, TN 38103-2723
22307894       +First Tennessee Bank, National Association,    105 W Adams Suite 1800,    Chicago, IL 60603-6235
22154867       +GC Services Limited Partnership,    Collection Agency Division,    6330 Gulfton,
                 Houston, TX 77081-1108
22154868       +Harris & Harris, Ltd.,    111 W Jackson Blvd 400,    Chicago, IL 60604-4135
22154875       +Municipal Collecion Services, Inc,    PO Box 327,    Palos Heights, IL 60463-0327
22154876       +Municipal Collection Services, Inc.,    7330 College Drive, Suite 108,,
                 Palos Heights, IL 60463-1186
22154877       +Orland Park Childrens Dental,    15300 West Avenue,    Orland Park, IL 60462-4600
22215176       +Orland Park Dentistry for Children,    c/o Collection Professionals Inc.,    P.O. Box 416,
                 Lasalle, IL 61301-0416
22154879       +PNC Bank N.A,    1 Financial Parkway,    Kalamazoo, MI 49009-8002
22154880       +PNC Bank NA,    Two PNC Plaza,    620 Liberty Avenue,    Pittsburgh, PA 15222-2729
22266757       +PNC Bank, N.A. C/O,    Pierce & Associates,    1 N. Dearborn Ste 1300,    Chicago, IL 60602-4373
22154881       +PNC Mortgage,    3232 Newmark Drive., Building. 8,    Miamisburg, OH 45342-5433
22154878       +Palos Community Hospital,    12251 S. 80th Avenue,    Palos Heights, IL 60463-0930
22154882       +The Bureau's Inc.,    650 Dundee Road, Suite 370,    Northbrook, IL 60062-2757
22154884       +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
22154886       +Village of Summit,    7321 W 59th Street,    Summit Argo, IL 60501-1419

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
22189295        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 13 2014 00:55:06
                 American InfoSource LP as agent for,    Midland Funding LLC,    PO Box 268941,
                 Oklahoma City, OK   73126-8941
22346609        E-mail/PDF: rmscedi@recoverycorp.com Sep 13 2014 00:54:11
                 Bureaus Investment Group Portfolio No 15 LLC,    c/o Recovery Management Systems Corp,
                 25 SE 2nd Avenue Suite 1120,    Miami FL 33131-1605
22154852       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 13 2014 00:54:37     Capital One, N.A. *,
                 c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
22154860        E-mail/PDF: mrdiscen@discoverfinancial.com Sep 13 2014 00:54:46     Discover Financial Services,
                 2500 Lake Cook Road,    Deerfield, IL 60015
22154861        E-mail/PDF: mrdiscen@discoverfinancial.com Sep 13 2014 00:54:46
                 Discover Financial Services LLC,    Po Box 15316,    Wilmington, DE 19850
22170052        E-mail/PDF: mrdiscen@discoverfinancial.com Sep 13 2014 00:54:46     Discover Bank,
                 DB Servicing Corporation,    PO Box 3025,    New Albany, OH   43054-3025
22154869        E-mail/Text: cio.bncmail@irs.gov Sep 13 2014 00:49:53     Internal Revenue Service,
                 Po Box 7346,    Philadelphia, PA 19101-7346
22154870       +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 13 2014 00:49:43     Kohl's,    PO Box 2983,
                 Milwaukee, WI 53201-2983
22154871       +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 13 2014 00:49:44     Kohl's Credit *,
                 N56 W17000 Ridgewood Drive,    Menomonee Falls, WI 53051-7096
22154872       +E-mail/Text: bankruptcydpt@mcmcg.com Sep 13 2014 00:50:23     Midland Credit Management, Inc.,
                 8875 Aero Drive Suite 200,    San Diego, CA 92123-2255
22154873       +E-mail/Text: bankruptcydpt@mcmcg.com Sep 13 2014 00:50:23     Midland Credit Management, Inc.,
                 8875 Aero Drive,    San Diego, CA 92123-2255
22154874       +E-mail/Text: bankruptcydpt@mcmcg.com Sep 13 2014 00:50:23     Midland Funding,
                 8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
22205347        E-mail/PDF: rmscedi@recoverycorp.com Sep 13 2014 00:54:59     The Bureaus, Inc.,
                 c/o Recovery Management Systems Corp.,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
22154885       +E-mail/Text: bnc@ursi.com Sep 13 2014 00:49:39     United Recovery Systems, LP,
                 P.O. Box  722929,    Houston, TX 77272-2929
```

```
District/off: 0752-1           User: cgreen               Page 2 of 2                  Date Rcvd: Sep 12, 2014
                               Form ID: pdf003            Total Noticed: 47
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
22154887        +E-mail/Text: BKRMailOps@weltman.com Sep 13 2014 00:50:32      Weltman, Weinberg & Reis,
                 175 South 3rd Street, Suite 900,   Columbus, OH 43215-5166
22154888        +E-mail/Text: BKRMailOps@weltman.com Sep 13 2014 00:50:32      Weltman, Weinberg & Reis Co., LPA,
                 180 North LaSalle Street, Suite 2400,   Chicago, IL 60601-2704
                                                                                               TOTAL: 16

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
22154859*       +Collection Professionals, Inc.,    723 First Street,    La Salle, IL 61301-2535
22154883      ##+The Bureaus Inc.,    Attention: Bankruptcy Dept.,    1717 Central Street,
                 Evanston, IL 60201-1507
                                                                                               TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 14, 2014                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 11, 2014 at the address(es) listed below:
              Andrew J Nelson    on behalf of Creditor    PNC BANK, N.A., anelson@atty-pierce.com,
               northerndistrict@atty-pierce.com
              Nathan C Volheim    on behalf of Joint Debtor Jennifer Lynn Meter courtinfo@sulaimanlaw.com,
               nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com
               ;sulaiman.igotnotices@gmail.com
              Nathan C Volheim    on behalf of Debtor Howard Jay Meter courtinfo@sulaimanlaw.com,
               nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com
               ;sulaiman.igotnotices@gmail.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Ruth B Sosniak    on behalf of Creditor    First Tennesse Bank National Association successor thru
               Merger with First Horizon Home Loan Corporation rsosniak@noonanandlieberman.com
              Tom Vaughn    ecf@tvch13.net, ecfchi@gmail.com
                                                                                               TOTAL: 6
```